Mullen, J.
In this case the defendant has pleaded the statute of limitations, and now asks for an order requiring the plaintiff to reply to the plea, by specifying the grounds which lie relies upon to defeat the operation of the statute.
The case is not one in which, by the Code of Procedure, the plaintiff is bound to reply, or the facts stated in,the answer will be taken as admitted. But the application is-made under section 153 of the Code, which provides that in cases oilier than where a counter-claim is set up in the answer, if the answer contains new matter constituting a defence by way of avoidance, the Court may, in its discretion, on the defendant’s motion, require a reply to such new matter..
The case before me is one in which the Court has power to require a reply.
To introduce the practice of requiring a reply in all cases which may come within the terms of the clause of the section citedj is to multiply motions not only unnecessarily but unreasonably. In many, if not in most, cases, the defendant knows with reasonable certainty the answer which will be given to his defence ; and there can be no reason for a motion to enable him to ascertain a fact of which he is already cognizant.
There are, however, very many cases in which the defendant may not know the answer which the plaintiff may make to the new matter in his defence because it may be matter affecting the plaintiff personally, or the business may have been transacted oh the part of the defendant by an agent, or there may be, as in the case before me, a large number of answers which may be insisted on by way of reply to the new matter of the answer, all of which it would be unreasonable to require the defendant to prepare to meet on the trial, although the matter to be replied to may be presumed-to be known to him personally,.
The bar by reason of the running of the statute of limita- . tions may be defeated in several different ways.
1. By the commencement of an action within the time limited.
2. By an attempt to commence such action as prescribed in § 99 of the Code.
*3 3. By absence of defendant from the State when the right of action accrued.
4. If the plaintiff was under twenty-one years, or R
5. Insane, or
6. Imprisoned on a criminal charge, or
7. A married woman.
8. Death of the person having the right of action before the time limited expired.
9. That the plaintiff was an alien, subject or citizen of a country at war with the United States.
10. Actions brought to judgment recovered, and reversed on appeal.
11. Stay by injunction.
12. A new promise.
To this last may be added others, unnecessary to enumerate; but the list is sufficiently formidable to show how difficult it may be in many cases to know on what ground the plaintiff intends to defeat the bar of the statute.
If there is any case in which it is proper to require a reply, it seems to me this is the one.
It was suggested by counsel that the defendant should be required to aver that he does not know the ground on which the plaintiff intends to rely to defeat the bar. While this may in some cases be very proper, yet in most instances the nature of the defence, and the manner in which the business was conducted out of which the action or defence accrued, will afford a much better guide in determining the propriety of requiring a reply. In this case I do not deem it essential.
Let an order be entered requiring the plaintiff to serve a reply to the answer setting up the statute of limitations within twenty days from service of copy order; the costs pf the order, $10, to abide event of the suit. /